MARTIN O. WALKER, Appellant, v. WALTER LAFLIN, and the HEIRS OF JOHN FRINK, deceased, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Courts of equity have power to make an equitable partition of land, but have not jurisdiction to try controversies about the title. When controversies about title arise, the court should suspend proceedings in partition, until the parties shall have litigated their titles at law.

A court of equity will not make partition of land unless the title is clear; unless the title is purely equitable.

The want of objection by a solicitor of one of the parties, will not authorize a partition in equity, where the party has by his answer, insisted upon his paramount adverse title.

THE facts of this case and the proceedings in the court below, are stated in the opinion.

SCATES, MCALLISTER & JEWETT, for Appellants.

C. BECKWITH, for Appellees.

BREESE, J.  The bill filed, originally, by Frink against Walker and Laflin, was for partition merely, setting forth the title of complainant and the titles of the defendants.  Walker in his answer denied holding in common with complainant and his co-defendant, claiming the entire premises as his own in fee simple, and of which he was in the exclusive possession.  He claimed adversely to the other parties, yet the court, his counsel not objecting, decreed the title to one-third to be in complainant, one-sixth to be in Laflin, and the title to the remaining one-half to be in Walker.  Commissioners were appointed, who set off to the parties their respective interests by metes and bounds, according to the decree.  The report was approved by the court on the 27th of March, 1856, and a decree entered that each party be vested with the title of the premises set off to him in severalty, free and discharged from all claim and interest of the other parties.  At the April vacation term next following, in 1856, Walker entered his motion to open this decree, and for leave to file a fourth or amended answer in the cause.  This motion was founded on his own affidavit filed at the time, and being continued until July, 1857, he filed another affidavit in support of the motion, and in January, 1858, the affidavit of F. H. Winston, an attorney of the court, also in support.  This motion was denied.  At the March term, 1858, of the court, Frink and Laflin filed their petition, setting forth the proceedings in the suit, and alleging that they had executed deeds to each other of their respective portions of the premises in accordance with the decree, but that Walker refused to do so, and held possession of the parcels set off to them, and refused to surrender the possession.  The petition then prays that an order might be made directing and requiring Walker to execute conveyances to Frink and Laflin respectively of the parcels of the premises set off to them in severalty, and in case of his neglect, that such deeds might be executed by a master in chancery, and that Walker might be required to surrender to Frink and Laflin respectively the possession of the

parcels of the premises set off to them in severalty. No leave of the court was had, for filing this petition.

Walker answered, admitting that the court confirmed the report of commissioners, and decreed partition in severalty; says that repliant filed answer to said bill for partition, denying all title in common with said Frink and Laflin, or either of them, and claiming the right and title in fee, to be in himself. Refers to the several affidavits filed herein, on a motion to set aside decrees, as to the nature of his title, and prays to make them part of this answer; that the petitioners in this petition are not the same as the complainant in said bill, for partition, and submits whether in law said petitioners have any right to join in a petition supplementary to former bill, and for a further decree, and prays leave to insist by way of demurrer, that Laflin, a defendant in said bill for partition, cannot join in this petition for a further decree; prays said petition be dismissed.

That in case the court entertains the petition, repliant would state that said John Frink has instituted suit in ejectment in Cook Circuit Court, against repliant and Samuel B. Walker, to try title to said premises, which action is still pending. In like manner Walter Laflin has instituted suit in Circuit Court of the United States for Northern District of Illinois, in ejectment, for the trial of title of said premises, which is still pending, in which suits repliant intends to set up, and insists upon his title in fee to the whole premises, and he believes he will be able to settle the title in said two actions. Repliant therefore prays the court to suspend all further action upon this petition, until the final trial of said actions at law. Repliant would show that a decree for, and conveyance made, and executed under it, would destroy repliant's title and prevent his trial of his rights in said actions. Repliant avers that this court has no jurisdiction to try the question of contested titles, and prays that the further order of the court be suspended until said trial and determination of said suits at law.

The court granted the prayer of the petition, and entered the following decree:

Ordered, that Martin O. Walker make, execute and deliver to John Frink a deed in fee of the premises adjudged to be the premises of said John Frink in the decree rendered by the court, on the 2nd March, 1856, and that said Walker make and deliver to Walter Laflin, a deed in fee of the premises adjudged to said Laflin, in the decree rendered in this cause on the 2nd March, 1856. That should the said Walker not execute said deeds, either by or before the 18th April, 1858, that then L. C. P. Freer, master in chancery, execute and deliver the same. That the said John Frink and Walter Laflin, make and deliver

to said Walker, on or before the 15th April, 1858, a deed in fee simple of the premises adjudged to be his, in said decree of the 2nd March, 1856.

That said Walker deliver to the said John Frink and Walter Laflin, respectively, the possession of said premises, respectively allotted to them in severalty, in and by the said decree so made as aforesaid, on or before the 15th April, 1858, and in case of default, that the said petitioners be at liberty to apply to this court for the further process thereof, to compel obedience of the same.

The appellees contend that this appeal does not bring up the decree for partition under the original bill, yet at the same time, they insist that the partition was not complete until the title to the parcels set off to the parties in severalty was vested in them, and they were put in possession of their several parcels, hence the necessity for the petition, and for the order upon it.

It will be seen that this order refers to the original decree in the cause, and as it is admitted that the original decree is imperfect and ineffectual without this order, it must be taken to be the crowning and final order in the cause from which an appeal will lie. It is the final order in the case, and its execution deprives the appellant of title to property by which he would be materially injured. If enforced, the appellant will be compelled to convey to each of the appellees a title to property he holds adversely to them, and which he has always insisted upon as being adverse and paramount. Courts of equity have undoubtedly the power to make an equitable partition of land, but they have no jurisdiction to try controversies about the title. To the original bill Walker set up his adverse title, and his exclusive possession, yet the court proceeded to divest him of his title, and vest it in others. So also to the petition he set up his paramount title, and disclosed the fact that these parties, Frink and Laflin, had each brought an action of ejectment against him for their respective shares in severalty, and joined in the petition for mutual conveyances, in order that they might be furnished with evidence to support their actions.

We think when this state of case was disclosed, the court should have suspended proceedings until the titles could be litigated at law. If courts of equity, without power or jurisdiction to try questions of title, such as those presented in this record, can proceed not only to make an equitable partition, but also to compel a conveyance by the defendants who are in possession, claiming the land adversely, and this court has no revisory power of correction, the action of ejectment may be dispensed with. We think the act of the court in ordering conveyances to be executed in pursuance of such a decree, and

surrendering the possession, is not an act of discretion merely, but its propriety and justice can and should be examined by the court.

In looking into the title set up, we cannot regard it as a mere pretense, but a *bona fide* claim, supported by such evidence as entitled the appellant to a trial of it at law.

It is stipulated by the parties, that the evidence taken in the case of *Laflin* v. *Casey et al.*, for the use of Jones, decided at this term, is to be considered in this case. The evidence in that case, and in this, in regard to appellant's title to that portion of the premises claimed by Frink, is of a character rendering it improper to pass upon it definitely in a court without power to try and determine it, involving as it does the construction of two deeds, and an award between the parties.

Upon authority, we think the question clear, that a court of equity will not make partition of land unless the title is clear, but leave the party to proceed and establish his title at law, unless it be a purely equitable title. 1 Story's Eq. Jur., sec. 563. In this case there were no equities whatever between the parties. The titles presented were legal titles, and we think it is going too far to adjudicate upon such, merely because the solicitors of one of the parties did not object, when the party interested had, by his answer, distinctly insisted upon his adverse and paramount title.

By the final order appealed from, the appellant is required to furnish evidence by the execution of a deed to property which he claims to hold adversely, and by a title paramount to that of the petitioners, so that they may successfully litigate the title at law against himself. We do not think this is equitable or just, and the court should have refused the order for conveyances, and suspended all proceedings until the title had been tried and established at law.

The decree is reversed, and the cause remanded, with instructions to suspend the order for conveyances, and for putting the petitioners in possession, until the title to the property is established at law.

*Decree reversed.*